UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


PRATHAM DESIGN INNOVATION

PVT. LTD.,

           Plaintiff,

                                          Case No. 07-CV-13282

vs.                                        HON. GEORGE CARAM STEEH

INFOVISION 21, INC.,

           Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART
## DEFENDANT'S MOTION TO DISMISS

This breach of contract action arises out of the parties' agreement that defendant Infovision 21, Inc. (InfoVision) would provide a technology consultant to plaintiff Pratham Design Innovation PVT, LTD (PDI).  A hearing was held on December 18, 2007.  Now before the court is InfoVision's for PDI's failure to state a claim.[1]  For the reasons stated on the record and below, InfoVision's motion will be granted in part and denied in part.

## BACKGROUND

On November 28, 2006, InfoVision and PDI entered into a professional services agreement in which InfoVision promised to provide consulting via Satya Krishna Ganni

---

[1] Plaintiff also had moved to dismiss for lack of jurisdiction for defendant's failure to register as a foreign corporation, but defendant obtained a certificate of authority prior to the court's hearing; thus, the argument is moot.

to PDI in return for payment. The contract was to be performed in Detroit, Michigan and Hartford, Connecticut. On July 26, 2007, PDI filed its two-count complaint alleging that InfoVision had billed it for consulting services that were never rendered. Count I alleges breach of contract for InfoVision's misconduct in submitting fraudulent invoices for services which were inflated or non-existent and for providing a consultant who was unwilling to perform. Count II alleges fraud for the same alleged misconduct and further alleges that time sheets were forged.

PDI avers that the amount in controversy exceeds $500,000. InfoVision claims that the amount in controversy does not meet the $75,000 jurisdictional amount needed for diversity jurisdiction to exist. PDI responds that the amount in controversy includes $50,000 to $60,000 for faulty invoices, additional damages caused by a three month delay in connection with its contract with Nissan Motors, lost confidence of its customer Nissan, lost profits and increased overhead which may exceed an additional $100,000 in losses, as well as losses for attorney fees, costs, and punitive damages.

PDI is a foreign corporation incorporated under the laws of India and doing business in Oakland County, Michigan. PDI conducted business in Michigan via its wholly owned subsidiary, Pratham Design Innovation, Inc. (Pratham). Pratham is a West Virginia corporation which qualified to do business in Michigan on December 6, 2006. InfoVision is an Ohio corporation doing business in Michigan. The contract contains a forum selection clause by which the parties agreed that the laws of Ohio would govern any disputes under the agreement.

In its response brief, plaintiff states that it plans to file an amended complaint as a matter of right pursuant to Federal Rule of Civil Procedure 15(a) since InfoVision has

not yet filed a responsive pleading.[2]  The amended complaint will ask for punitive damages, attorney fees under the written contract, allege a separate common law duty not to deceive, and ask for a declaratory judgment that PDI owes no money to InfoVision under the contract.

## ANALYSIS

I.  JURISDICTIONAL AMOUNT

InfoVision argues that the complaint must be dismissed for PDI's failure to meet the $75,000 jurisdictional amount.  As to the alleged amount in controversy, "[i]n a federal diversity action, the amount alleged in the complaint will suffice unless it appears to a legal certainty that the plaintiff cannot claim the jurisdictional amount."  Klepper v. First Amer. Bank, 916 F.2d 337, 340 (6th Cir. 1990) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938)).

In this case, PDI has satisfied this threshold amount in its complaint by alleging $500,000 in damages.  PDI alleges breach of contract and fraud damages, including attorney fees and costs.  In support of the jurisdictional amount, PDI submitted the affidavit of its chairman who states that damages include payments on fraudulent invoices from December 2006 through April 2007; payments to InfoVision's consultant, Mr. Ganni, for travel, an apartment, a car, a laptop computer and clothing, and cash advances; as well as damages for lost time, overhead and profits caused by a three-month delay on a project with Nissan Motors which may, by itself, exceed $100,000.

---

[2]A motion to dismiss is not a "responsive pleading" within the meaning of Federal Rule of Civil Procedure 15(a).  Young v. Track, Inc., 324 F.3d 409, 416  fn.6 (6th  Cir. 2003).

InfoVision argues that this court may not consider the affidavit in considering whether or not the amount in controversy has been met. InfoVision contends that this court's review is limited to the face of the complaint itself under a motion to dismiss pursuant to Rule 12(b)(6). InfoVision cites the wrong rule. A motion to dismiss for lack of jurisdiction is found at Federal Rule of Civil Procedure 12(b)(1). The Sixth Circuit has made it clear that courts are authorized to find facts to the extent necessary to determine whether jurisdiction exists. Rice v. Baltimore & O.R. Co., 42 F.2d 387 (6th Cir. 1930). Plaintiff bears the burden of proving that the amount in controversy has been made. See McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936). In determining whether or not jurisdiction exists, the court may consider affidavits and other proofs outside the pleadings so long as the court's determination of jurisdiction does not turn into a ruling on the merits of the case. Fireman's Fund Ins. Co., v. Railway Express Agency, 253 F.2d 780, 784 (6th Cir. 1958). Although the complaint normally determines the amount in controversy to determine jurisdiction, the court may consider matters outside the pleadings. Kennard v. Harris, 728 F. Supp. 453 (E.D. Mich. 1989). Although the $500,000 pled in the complaint appears exaggerated, assuming as true the affidavit of PDI's chairman, the jurisdictional amount is satisfied.

II.     FAILURE TO STATE A CLAIM

InfoVision also argues that it is entitled to dismissal for plaintiff's failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) authorizes a court to dismiss a claim on an issue of law. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355

U.S. 41, 45-46 (1957).  In considering a Rule 12(b)(6) motion, a court must "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief."  G.M. Eng'r and Assoc., Inc. v. West Bloomfield Tp., 922 F.2d 328, 330 (6th Cir. 1990).

As to the breach of contract claim, InfoVision argues that the complaint is deficient because PDI rests on a legal conclusion.  This court disagrees.  PDI has sufficiently pled its breach of contract claim in conformity with Federal Rule of Civil Procedure 8(a) which requires "a short and plain statement of the claim."  PDI attached the three-page professional services agreement in dispute to the complaint.  Count I alleges that InfoVision was to provide the services of a consultant named Satya Krishna Ganni, and that InfoVision submitted invoices for services never rendered.  Given that only five invoices are in dispute in this lawsuit, namely monthly invoices from December 2006 to April 2007, InfoVision is on sufficient notice as to the breach of contract claim against it.

InfoVision also complains that the allegations of the complaint lack the specificity required under Federal Rule of Civil Procedure 9(b).  Rule 9(b) provides: "[i]n all averments of fraud . . .the circumstances constituting fraud or mistake shall be stated with particularity."  In reviewing the complaint to see if it meets the particularity required for a fraud claim, the court is mindful of the Sixth Circuit's admonition that Rule 9(b) must be read in conformity with the notice pleading requirement of Rule 8(a).  American Town Ctr. v. Hall, 83 Assoc., 912 F.2d 104, 109 (6th Cir. 1990).

As to the fraud claim, the complaint alleges that fraudulent invoices were submitted because they "contained not only hours which were inflated or nonexistent

5

and/or for which the consultant did not perform any services, but related time sheets requiring a signature of someone at PDI were forged." (Complaint, Par. 13). PDI explains that the duration of the contract was from December 2006 to April 2007, and during that time InfoVision submitted just five monthly invoices. Given this scenario, PDI asserts that InfoVision is on notice as to the time, place and content of the alleged misrepresentations. The court agrees that the complaint, as pled, is sufficient to state a claim.

III.  ECONOMIC LOSS DOCTRINE

Finally, InfoVision argues that PDI's fraud claim must be dismissed under Ohio's economic loss doctrine which bars a party from recovering in tort the same damages available under a breach of contract theory. Under the economic loss doctrine, the Ohio Supreme Court has held that a party cannot recover in tort for purely economic damages. Corporex Dev. & Constr. Man. v. Shook Inc., 106 Ohio St. 3d 412, 413 (2005); Floor Craft Floor Covering, Inc. v. Parma Cmty. Gen. Hosp., Ass'n, 54 Ohio St. 3d 1, 8 (1990). Put another way, "the economic loss doctrine prevents a party from recovering economic losses in tort that result from 'a breach of duties assumed only by agreement.'" Onyx Envir. Serv., LLC v. Maison, 407 F. Supp. 2d 874, 879 (N.D. Ohio 2005) (citing Corporex, 106 Ohio St.3d at 414). The Ohio Supreme Court has explained the purpose of the rule "stems from the recognition of a balance between tort law, designed to redress losses suffered by a breach of a duty imposed by law to protect societal interests, and contract law, which holds that 'parties to a commercial transaction should remain free to govern their own affairs.'" Corporex, 106 Ohio St. 3d at 414 (citing Chemtrol Adhesives Inc. v. American Mfrs. Mut. Ins. Co., 42 Ohio St. 3d

40 (1989)).

There is no dispute that Ohio recognizes a common-law fraud claim. The issue is whether under the facts of this case PDI's fraud claim is precluded by the economic loss rule. The court's decision will impact which damages may be recovered as PDI plans to amend the complaint to add a claim for punitive damages which are permissible under a fraud claim, but not under the breach of contract claim. Battista v. Lebanon Trotting Assn., 538 F.2d 111,118 (6th Cir. 1976) (citing Ohio law).

Both parties cite to Onyx Envtl. Serv. v. Maison, 407 F. Supp. 2d 874 (N.D. Ohio 2005) in support of their competing positions. PDI correctly relies on that case to support the proposition that fraudulent inducement may be an exception to the economic loss doctrine. In that case, the plaintiff Onyx, operated as a waste management servicer. Id. at 876. Customers would deposit left over household paint at central locations and Onyx then shipped the waste for recycling to an environmental services firm by the name of EPI. Id. Plaintiff sued the president and another officer of EPI for fraud and for fraudulent inducement based on misrepresentations the president made. Id. The president assured plaintiff that it was "processing" the waste, when in point of fact, it was merely storing drums of waste at its facility. Id. at 878.

The court held that since Onyx had no breach of contract claim against officers of EPI, the fraud claims against those individuals were not redundant. Id. at 876. The court also found that the fraudulent inducement claim was not barred by Ohio's economic loss rule since the president of EPI breached duties outside of the contract. Id. at 877. The court found that EPI had separate contracts with Onyx for each shipment of waste and that each time the defendants told Onyx that the waste was

7

being "processed" a fraud was perpetrated which falsely induced Onyx to enter into other transactions. Id. at 878. This case, by contrast, does not involve a fraud in the inducement claim nor does it involve suit against individuals not named in the contract.

PDI claims that Bowman v. Goldsmith Bros. Co., 63 Ohio Law Abs. 428 (1952) supports its fraud claim here. That case is inapposite. In Bowman, a slip and fall action, the court ruled that although there is a common law duty whereby landlords are responsible for maintaining common areas, plaintiff was injured on steps leading only to her own apartment, thus, no common law duty arose. Id. at 558-59. Thus, the trial court erred in submitting the case to the jury on the theory of implied contract. Id. In our case, there is no common law duty at stake. What is in dispute is InfoVision's failure to comply under the terms of the contract. Namely, the issue is whether PDI was billed for work that was never completed in violation of the contract. PDI contends a common law duty exists not to deceive that exists independently of the contract. The court disagrees.

In Battista v. Lebanon Trotting Ass'n, 538 F.2d 111, 117 (6th Cir. 1976), the Sixth Circuit explained that a plaintiff has no tort claim where he has merely lost the benefit of the bargain because the duty arises through the contract alone. The Sixth Circuit explained that a common law duty in tort arises in the insurance context where a disparity in bargaining power exists between the insurer and the insured who has nothing to do with the drafting of the policy. Id. at 118. No such special duty arises between businesses entering into ordinary contracts and in those cases, the economic loss rule prevents recovery in tort. Id. In determining whether the economic loss rule applies, the question is whether the tort claim can exist independent of the contract

8

claim such that a duty is owed even if no contract existed.  Textron Fin. Corp. v. Nationwide Mut. Ins. Co., 115 Ohio App. 3d 137 (1996).

Unlike the landlord-tenant, doctor-patient, lawyer-client, insurer-insured relationships which give rise to common law duties of care, there is no common law duty that arises between PDI and InfoVision.  Their relationship is strictly contractual.  Assuming as true that InfoVision submitted false invoices and charged for consulting work that was never performed, that is a breach of InfoVision's contractual duty to perform under their professional services agreement.

InfoVision relies on Med. Billing, Inc. v. Med. Mgmt. Sciences, Inc., 212 F.3d 332 (6th Cir. 2000), cert. denied, 531 U.S. 1051 (2000), where defendants promised plaintiffs they would use a particular formula to calculate compensation to induce them to enter into the contract.  Id. at 334.  When defendants failed to use the contractual formula, plaintiff sued for fraud and breach of contract.  Id. at 335.  The Sixth Circuit, relying on the Ohio economic loss doctrine, struck down the jury's award of fraud and breach of contract damages as redundant.  In reaching this conclusion, the Sixth Circuit noted that the injury claimed in the breach of contract claim and the fraud claim were identical.  Id. at 337-39.  In our case, the situation is the same.  PDI alleges that timesheets were forged and bills were submitted for work that was never performed.  The injury alleged under tort and contract law is the same.  Therefore, PDI's fraud claim shall be dismissed under the economic loss rule.

In conclusion, InfoVision's motion to dismiss for failing to plead the jurisdictional amount is DENIED.

InfoVision's motion to dismiss for failure to state a claim is DENIED as to PDI's

breach of contract claim pled in Count I of the complaint, but is GRANTED as to PDI's fraud claim pled in Count II of the complaint.

Count II is hereby DISMISSED WITH PREJUDICE.

PDI has stated that it plans to file an amended complaint as of right pursuant to Rule 15(a) since Infovision has not yet filed a responsive pleading. Based on the court's order herein, plaintiff is prohibited from asking for punitive damages, from pleading a separate common law duty not to deceive, and from pleading a fraud claim, in its amended complaint.

IT IS FURTHER ORDERED that plaintiff file its amended complaint on or before January 8, 2008.

SO ORDERED.


Dated: December 21, 2007

                                              s/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 21, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---